

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Hoffman v. Lincoln General Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hoffman v. Lincoln General Ins" (2008). *2008 Decisions*. Paper 83.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/83

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-31                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1333

———————

HEATHER HOFFMAN,

Appellant

v.

LINCOLN GENERAL INSURANCE;
LANCASTER COUNTY

————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:07-cv-04254)
District Judge:  Honorable James Knoll Gardner

————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: December 17, 2008 )

———————

OPINION

———————

PER CURIAM

    Heather Hoffman, proceeding pro se, appeals the order of the United States

1

District Court for the Eastern District of Pennsylvania dismissing her amended complaint as frivolous. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In October 2007, Hoffman initiated this action by filing a complaint and motion for leave to proceed before the district court in forma pauperis. The complaint, which set forth a clouded and disjointed set of facts seemingly centering around a car accident in which she was involved, appeared to allege some form of civil rights violation. In November 2007, the district court granted Hoffman leave to proceed in forma pauperis but dismissed the complaint pursuant to 28 U.S.C. § 1915(e), with leave to file an amended complaint that satisfied the pleading standards in Fed. R. Civ. P. 8(a).

Hoffman filed an amended complaint in December 2007, alleging, inter alia, that she was the "unfair victim of [a] [c]ivil [c]onspiracy, discrimination [a]nd clear prejudice." As with the original complaint, the amended complaint presented an unclear set of facts and legal arguments, consisting of disjointed references to a number of events, including but not limited to the car accident, a child custody proceeding, and a lawsuit she brought against the attorney of her children's father. The amended complaint sought an award of ten million dollars, the reinstatement of Hoffman's driver's license, "termination of order that is forcing me to report to probation from a case I proved I was not guilty of," and the return of her two children to her sole custody. On December 21, 2007, the District Court dismissed the amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Hoffman timely appealed the ruling to this Court.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Because we have granted Hoffman in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss an appeal under § 1915(e) if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court correctly dismissed Hoffman's claim under § 1915(e)(2)(B), as her claim lacked an arguable basis in fact or law. Although a complaint need not provide detailed factual allegations to state a claim for relief, the Supreme Court has held that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (declining to limit Twombly to antitrust context). Hoffman did not meet this threshold, as her allegations failed to articulate a discernable legal theory that could possibly entitle her to relief. Her amended complaint, much like the original complaint, confusingly jumped from one statement to the next without making clear how the various events referenced were related to any conduct of the named defendants or relevant to her undeveloped claims of civil conspiracy and discrimination. Despite our best efforts to liberally construe Hoffman's amended complaint, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004),

3

the lack of coherency in her arguments rendered her claim indisputably meritless.

Accordingly, we will dismiss Hoffman's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).